IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff. )<br>)<br>vs. )<br>)<br>WILLIAM MOODY )<br>)<br>    Defendant. ) | Criminal No. 98-cr-199 |

MEMORANDUM AND ORDER

Gary L. Lancaster,                           October 21, 2009
District Judge.

On January 25, 2000, the court sentenced defendant, William Moody, to 235 months imprisonment. His sentence reflected the low end of the then-applicable guideline range of 235-295 months. However, Amendment 706 ("Crack Amendment") reduces defendant's guideline range to 188 to 235 months imprisonment. Defendant has filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 73].

In his motion, defendant makes three requests: 1) a new sentencing hearing; 2) a new sentence of 120 months; or 3) a new sentence of 188 months. The government agrees that Moody qualifies for a reduction, but opposes both a re-sentencing and a new sentence of 120 months. The government argues that Moody's guideline range should be 210 to 262 months, but concedes that it could be as low as 188 to 235 months.

For the reasons to follow, defendant's motion will be granted in part and denied in part.

I.  Background

Defendant's current sentence stems from an offense involving 748.3 grams of cocaine base ("crack") and 132.6 grams of marijuana. This amount of crack resulted in a base offense level of 36, which was then increased by two levels for an attempt to obstruct justice. The court then reduced the offense level by three for his acceptance of responsibility, for a total offense level of 35 and a criminal history category of IV.

Moody's prior criminal convictions resulted in his characterization as a career offender, which would have increased his criminal history category to VI and his offense level to 37. The court, however, found that the designation of career offender significantly overstated the seriousness of his criminal history, and sentenced him as a category IV offender. See United States v. Shoupe, 35 F.3d 835, 838-39 (3d Cir. 1994). With an offense level of 35 and a criminal history category of IV, Moody's guideline sentencing range was 235 to 293 months. The court sentenced Moody to the lowest end of that range, 235 months.

Effective November 1, 2007, the United States Sentencing Commission adopted the Crack Amendment, a retroactive modification of the guideline ranges for crack offenses that decreases "by two levels the base offense for crack cocaine offenses." United States v. Wise, 515 F.3d 207, 219 (3d Cir. 2008) (citing U.S.S.G. § 2D1.1). A court may reduce a defendant's sentence consistent with

the Crack Amendment pursuant to 18 U.S.C. § 3582(c)(2), which states:

> Modification of an imposed term of imprisonment.- The court may not modify a term of imprisonment once it has been imposed except that- . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Applying the Crack Amendment to Moody's sentence, his offense level lowers from 35 to 33, reducing the applicable guideline range to 188 to 235 months imprisonment.

II. *Sentence Reduction to 188 months*

In accordance with the Crack Amendment and 18 U.S.C. § 3582(c)(2), defendant moves the court to reduce his sentence to 188 months. Although the government agrees it is within the court's discretion to grant Moody's request, it argues that a more appropriate sentence is 210 to 262 months because Moody is a career offender. [Doc. 76]. According to the government's argument, as a career offender, Moody's original base level should have been a 37. See U.S.S.G. § 4B1.1. After adding two points for obstruction of justice, subtracting three points for acceptance of

3

responsibility, and subtracting two more points pursuant to the Crack Amendment, his new base offense level should therefore be 34 rather than 33. The court disagrees. This argument ignores the court's original decision to reject elevating Moody's base offense level to a 37 because of his designation as a career offender.[1] The court finds that the appropriate base offense level from which to subtract the two Crack Amendment points is 35. As a result, the court grants defendant's motion to reduce his sentence to 188 months.[2]

III. <u>Booker</u>

Defendant also asks the court to grant him a new sentencing hearing and to reduce his sentence to a term between 120 and 168 months imprisonment. He argues the court has the discretion to do so under <u>United States v. Booker</u>, 543 U.S. 220 (2005). In support of this argument, defendant relies upon <u>United States v. Hicks</u>, 472 F.3d 1167, 1169 (9th Cir. 2007), where the Court of Appeals for the

---

[1] The government does concede this point in a footnote, but appears to argue that because Moody is a career offender, the court could change its original decision to reduce his criminal history category from a VI to a IV. However, the court lacks authority to reconsider its prior criminal history determination. See <u>United States v. Dillon</u>, 572 F.3d 146, 150 (3d Cir. 2009) (citing <u>United States v. Mateo</u>, 560 F.3d 152, 156 (3d Cir. 2009)).

[2] In deciding whether to grant a section 3582(c)(2) reduction, the court is required to consider the danger posed by a reduction in defendant's term of imprisonment and may consider defendant's post-sentencing conduct. See U.S.S.G. § 1B1.10 Application Note 1(B). These considerations support our decision to reduce his sentence.

Ninth Circuit held that, under Booker, the Sentencing Guidelines, as well as the Sentencing Commission's policy statements, are merely advisory in nature. However, his argument fails to consider recent Third Circuit opinions that categorically reject Hick's holding. See United States v. Doe, 564 F.3d 305, 313 (3d Cir. 2009) (holding that Booker "'applies to full sentencing hearings - whether in an initial sentencing or in a re-sentencing where the original sentence is vacated for error,' but not to sentence modification proceedings under §3582(c)(2).") (quoting United States v. Dunphy, 551 F.3d 247, 253 (4th Cir. 2009)); United States v. Dillion, 572 F.3d 146, 148-49 (3d Cir. 2009); United States v. Mateo, 560 F.3d 152, 156 (3d Cir. 2009).

Here, the guideline range applicable to defendant at the time of sentencing was 235 to 293 months; the original term of imprisonment imposed was 235 months; and the new amended guideline range is 210 to 262 months. Under the applicable Sentencing Guideline policy statement, U.S.S.G. § 1B1.10(b)(2)(a), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." As a result, the lowest sentence the court may now impose is 188 months. Nowhere in the guidelines or applicable case law is there support for defendant's contention that he should receive a sentence of 120 months, much less that he is entitled to a new sentencing hearing.

In conclusion, defendant's motion is denied as to his request for a new sentence and his request for a new sentence of 120 months.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| Plaintiff.       ) | |
| vs.       ) | Criminal No. 98-cr-199 |
| WILLIAM MOODY       ) | |
| Defendant.       ) | |

ORDER

AND NOW, on this 21st day of October, 2009, IT IS HEREBY ORDERED that defendant's motion for reduction of sentence [doc. No. 73] is GRANTED IN PART and DENIED IN PART. Defendant's sentence is reduced to 188 months.

BY THE COURT:

/s/ 
United States District Judge

cc: All Counsel of Record